UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                          **REPORT AND**
                                                   **RECOMMENDATION**
v.
                                                   16-CR-00014-LJV-JJM
RYAN PELTAN,
                          Defendant.
_____

      Defendant is charged in an Indictment [1][1] with robbery of a pharmacy by use

of a dangerous weapon, in violation of 21 U.S.C. §§2118 (a)(1), 2118(c)(1) and 2, and with

brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.

924(c)(1)(A)(ii) and 2. Before me is defendant's amended motion to suppress evidence obtained

during a search of his automobile in Akron, Ohio on October 26, 2015 [21].  An evidentiary

hearing was held on September 15, 2016 [31], at which Akron police officers Amanda Baker and

Timothy Shmigal testified on behalf of the government.  Defendant did not testify.  Thereafter,

the parties submitted post-hearing briefs [35, 36].  For the following reasons, I recommend that

the motion be denied.


**BACKGROUND**

      Officer Baker testified that in the afternoon of October 26, 2015 she and Officer

Shmigal approached Gatsby's Strip Club in Akron, Ohio, which was a known drug location.

(T7).[2] In the past she had issued charges for possession of drug paraphernalia at that location,

which is an arrestable offense in Ohio (T7-8). As she pulled their patrol car into the parking lot,

she noticed an automobile bearing Ohio license plate number B821407. Defendant was outside

_____

[1]     Bracketed references are to CM/ECF docket entries.

[2]     "T" references are to pages of the hearing transcript [31].

the vehicle sorting through "miscellaneous stuff" such as luggage, clothing and money (T8-9). She stated that it "just seemed odd and out of place", so they stopped two car lengths away and asked him what he was doing (T9-10). He said he was driving on a road trip and had to pull over to rearrange items in the back seat because he couldn't see (T11, 53). They asked him if he had been arrested for drugs before, and he responded that that was in his past. They then asked if he had track marks from heroin use. He showed them his arms, which bore no marks (T12-13). They told him to have a nice day, and began to drive off.  As they did so, Officer Shmigal ran the plate number (B821407) through the LEADS system on the car's computer (T13).  That identified the owner as Ryan Peltan, and revealed that his license was suspended and that he had two outstanding arrest warrants attached (T15), one from Ohio, one from Florida.  Driving with a suspended license is an arrestable offense (T16-17).

They then returned to the Gatsby's parking lot and asked defendant if he was Ryan Peltan. He answered yes, whereupon Officer Shmigal placed him under arrest (T17).  As Officer Shmigal was placing defendant in the patrol car, Officer Baker walked to the passenger side of defendant's vehicle. The driver's and passenger's side doors were open, and she observed a box of ammunition on the driver's seat car. Derrick Snell, the individual who was with defendant, was sitting on the ground outside the vehicle, counting change. She asked him if there was a gun in the vehicle (T18), and he responded that there may be a rifle (T19).

Pursuant to Akron police department policy, they decided to tow and conduct an inventory search of the vehicle because defendant had been driving with a suspended license and had outstanding warrants (T19-22). Prior to entering the vehicle, Officer Baker observed two marijuana pipes and a pill bottle between the driver's and passenger's seats (T23).  She

concluded that the marijuana pipes were drug paraphernalia (T25). Although she later testified

that she did not know for certain whether they were drug paraphernalia (T63-4), Officer Shmigal

testified that he too observed them from outside the vehicle, and that they did constitute drug

paraphernalia (T76-7).

They then opened the trunk and found multiple rifles. They inventoried the

vehicle (T26). Officer Baker also found pistols and ammunition in the back seat, along with pills

in a book bag with defendant's ID.  They made a list of what they inventoried (T28-30;

government exhibit 2 [29-1]).


**ANALYSIS**

Defendant argues that his initial encounter with the police officers was an

improper detention, and that the warrantless search of the vehicle was likewise improper.

Defendant's Post Hearing Brief [35]. I disagree on both counts.

Defendant was not initially detained in any sense. He was questioned from a

distance by the officers, and based on his responses, they left the premises. It was only after the

LEADS inquiry revealed that he had outstanding warrants and a suspended license that they

returned and placed him under arrest. Moreover, the search of the vehicle was proper for two

independent reasons. First, both officers testified that from outside the vehicle they observed

marijuana pipes or bowls in the vehicle, and while Officer Baker admitted that she was not

certain that they constituted drug paraphernalia, Officer Shmigal (whose testimony I credit)

stated that they did. Both officers testified that possession of drug paraphernalia is illegal in

Ohio. Therefore, the search of the vehicle was proper. See <u>Pennsylvania v. Labron</u>, 518 U.S.
938, 940 (1996) ("[i]f a car is readily mobile and probable cause exists to believe it contains
contraband, the Fourth Amendment thus permits police to search the vehicle without more");
<u>United States v. Howard</u>, 489 F.3d 484, 493 (2d Cir. 2007) ("[w]hether a vehicle is readily
mobile . . . has more to do with the inherent mobility of the vehicle than with the potential for the
vehicle to be moved from the jurisdiction, thereby precluding a search"); *see also* government's
Post Hearing Memorandum of Law [36], p. 10 of 13.

   Secondly, the search was justified as an inventory search, since once they arrested
defendant, the officers decided to tow his vehicle pursuant to established police department
procedures. "[A]n inventory search may be reasonable under the Fourth Amendment even
though it is not conducted pursuant to a warrant based upon probable cause . . . . [I]nventory
procedures serve to protect an owner's property while it is in the custody of the police, to insure
against claims of lost, stolen, or vandalized property, and to guard the police from danger."
<u>Colorado v. Bertine</u>, 479 U.S. 367, 371-72 (1987); *see also* government's Post Hearing
Memorandum of Law [36], pp. 10-12 of 13.


## CONCLUSION

   For these reasons, I order that defendant's amended motion to suppress evidence
[21 ] be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report
and Recommendation must be filed with the clerk of this court by March 9, 2017. Any requests
for extension of this deadline must be made to Judge Vilardo.  A party who "fails to object

timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

   Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

   The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or  identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: February 23, 2017

       <u>/s/ Jeremiah J. McCarthy</u>
       JEREMIAH J. MCCARTHY
       United States Magistrate Judge